IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC INTERESTS RESEARCH AND COMMUNICATIONS, INC., 85 Albert Street, Suite 1502 Ottawa ON K1P 6A4, Canada,<br><br>Plaintiff,<br><br>v.<br><br>WORLD POLITICS WATCH, L.L.C, 3611 Norton Place, N.W. Washington, D.C., 20016,<br><br>Defendant. | CASE NUMBER 1:06CV01984<br><br>JUDGE: Royce C. Lamberth<br><br>DECK TYPE: General Civil<br><br>DATE STAMP: 11/20/2006<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Public Interests Research and Communications, Inc. ("PIRC") hereby brings this complaint for trademark infringement and unfair competition against Defendant World Politics Watch, L.L.C. ("WPW").

### I.  THE PARTIES

1.  PIRC is a corporation organized under the laws of Canada and has a place of business at 85 Albert Street, Suite 1502, Ottawa ON K1P 6A4, Canada.

2.  WPW is a corporation organized under the laws of the District of Columbia whose registered agent is Hampton Stephens, 3611 Norton Place, N.W., Washington, D.C., 20016. On information and belief, WPW maintains a place of business at 3611 Norton Place, N.W., Washington, D.C., 20016.

## II. JURISDICTION

3. The federal claims pleaded herein arise under the Lanham Act § 43(a), 15 U.S.C. § 1125 et. seq. The unfair competition claims pleaded herein arise under the Lanham Act § 43(a), 15 U.S.C. § 1125 et. seq. and the laws of the District of Columbia. The claim pleaded herein under the laws of the District of Columbia is a substantial and related claim to the federal claims arising out of the Lanham Act.

4. Upon information and belief, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between the citizen or subject of a foreign state and a citizen of the District of Columbia.

5. Subject matter jurisdiction for the claims pleaded herein is conferred upon the Court by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a)(2), 1338(a) and 1367.

## III. BACKGROUND FACTS

**A.   The POLITICS WATCH Service Mark**

6. The POLITICS WATCH service mark and domain names are registered to Plaintiff, PIRC. For many years, the POLITICS WATCH mark, with or without accompanying designs, has been associated with the POLITICSWATCH.COM domain name and the POLITICS WATCH News Service, a premier online, political news source. The POLITICSWATCH.COM domain name has been registered to PIRC since 1998, and the POLITICS WATCH News Services was launched in September 2000. The POLITICS WATCH mark was registered to PIRC in Canada on February 26, 2002, as Registration No. TMA558521, based on an application filed on February 8, 2000.

7. PIRC uses and has continuously used its POLITICS WATCH mark in connection with the provision of information services over the Internet and other media

to the public relating to various issues of government and politics. Currently, the POLITICS WATCH News Service is available via www.politicswatch.com/; .net/; .org/; .ca/; .us/; .tv/; .mobi/; and .org.uk.

8. The POLITICS WATCH News Services are and have continuously been offered in the United States through the POLITICSWATCH.COM website that is and has at all times since its inception been available throughout the United States. All POLITICS WATCH News Service online documents bear the POLITICS WATCH mark. The POLITICS WATCH mark is and has continuously been featured prominently on the POLITICSWATCH.COM home page and articles, including in the logo at the top of each page of the POLITICS WATCH News Service website and as a component of features that include "PoliticsWatch News," "Inside PoliticsWatch," and "PoliticsWatch Archives."

9. The POLITICS WATCH mark and the services offered under the mark have achieved substantial recognition in the United States, and have come to represent the valuable goodwill of PIRC. The POLITICS WATCH News Service includes information and features directed to its audience in the United States, such as in-depth coverage of United States political news, and has done so since its inception. More than 40% of the North American visitors to the POLITICS WATCH website are from the United States.

10. The POLITICS WATCH mark has become well-known and closely associated with PIRC's renowned political reporting. Within months of launch, the POLITICS WATCH News Service had garnered praise from numerous Canadian news agencies and POLITICS WATCH editors were sought after as commentators on

numerous television and radio news programs. *The Globe and Mail* cited POLITICS WATCH News Service's "PM Picker" as a "wonderful idea" in its coverage of the 2000 Canadian elections.

11.     By early 2001, POLITICSWATCH.COM had a considerable following outside Canada when it was selected top "International Political Site of 2000" by a group of international web experts at PoliticsOnline.com. In 2003, PoliticsOnline.com readers voted POLITICSWATCH.COM one of the top global political Internet sites to watch - the site was listed along with other leading political Internet sites including whitehouse.gov, aljazeera.net, and news.bbc.co.uk. In 2005, POLITICS WATCH was an official sponsor of, and participated in, the 12th Annual Politics Online Conference hosted by the Institute for Politics, Democracy and the Internet at George Washington University in Washington, D.C.

12.     PIRC offers advertising through its POLITICS WATCH News Service that is directed to the consumers of those services in the United States, and has sold and continues to sell advertising to advertisers in the United States. Companies in the United States have also directly sought out PIRC to advertise on the POLITICS WATCH website due to the renown of the POLITICS WATCH News Service. Advertisements targeting American audiences may be found throughout the POLITICS WATCH website. For example, nearly all POLITICSWATCH.COM webpages, including its homepage, contain targeted advertising by Google, Inc., a Mountain View, California-based corporation. This targeted advertising campaign automatically directs advertisements to each reader based on their country of origin. Thus, the POLITICSWATCH.COM website has displayed ads from Amazon.com, a public service ad for hurricane relief in

the Gulf of Mexico in response to Hurricanes Katrina and Rita, ads for a technology solutions provider in Tustin, California, ads for another site's coverage of the 2006 elections in the United States, and advertisements for a political activist organizations in San Francisco. The success and recognition of the POLITICS WATCH News Service has also led to investment inquiries by U.S. companies regarding the POLITICS WATCH News Service and website.

**B.   Defendant WPW**

13.   Defendant, WPW, does business under the name, "World Politics Watch L.L.C."

14.   On information and belief, WPW registered the domain name WORLDPOLITICSWATCH.COM with Go Daddy Software, Inc. on or about May 9, 2006.

15.   On information and belief, Defendant WPW's first use in commerce of the "World Politics Watch" mark was in June 2006.

16.   On information and belief and according to the website of Hampton Stephens, WPW's registered agent for service and its Managing Editor and Publisher, "World Politics Watch: A Foreign Policy and National Security Daily" was launched on or about July 12, 2006.

17.   WPW's adoption and use of "World Politics Watch" occurred more than five years after PIRC adopted and began using its POLITICS WATCH mark, and after the mark achieved substantial renown in the United States and elsewhere.

18.   On information and belief and according to its website, Defendant WPW publishes "World Politics Watch: A Foreign Policy and National Security Daily" at the

WORLDPOLITICSWATCH.COM domain name. "World Politics Watch" describes itself as "a daily Internet publication about foreign policy, national security and international affairs." WPW sells advertising space on its homepage and on its story pages and actively solicits advertising on its "About World Politics Watch" page. The "About World Politics Watch" page states, "World Politics Watch is now offering attractive rates for advertisers who sign on before September 1, 2006. For information about advertising rates and specifications, write to info@worldpoliticswatch.com."

19.     As PIRC does with its POLITICS WATCH mark, WPW offers news services under "World Politics Watch" that are directed at countries throughout the world, including the United States. As PIRC does with its POLITCS WATCH mark, WPW also offers advertising that will be directed to audiences throughout the world, including the United States.

20.     Defendant's unauthorized use of the "World Politics Watch" mark is likely to create consumer confusion. PIRC's POLITICS WATCH mark has achieved significant recognition in the United States and throughout the world, due to broad exposure in traditional and online media outlets. The "World Politics Watch" mark incorporates the POLITICS WATCH mark in its entirety, with the only distinction being the addition of the term "world," which does no more than describe the nature of the services. The two marks are therefore nearly identical. The POLITICS WATCH and "World Politics Watch" marks are used in connection with the same or substantially similar services offered through the same or substantially similar channels, including the Internet, to the same or substantially similar class of consumers.

21. On September 29, 2006, PIRC notified WPW of its infringement of the POLITICS WATCH mark and requested WPW cease its unauthorized use of the "World Politics Watch" mark. WPW refused.

22. Instead, on October 2006, and only after WPW's infringement was brought to its attention by PIRC, WPW filed an application to register the "World Politics Watch" mark with the United States Patent and Trademark Office.

23. Defendant's conduct is a false or misleading representation of fact which is likely to cause confusion, mistake, or deception as to the association of Defendant WPW with PIRC, and as to the affiliation, sponsorship, or approval of WPW's products, services, and commercial activities by PIRC. Defendant's activities infringe Plaintiff's mark, and constitutes unfair competition under federal law and the law of the District of Columbia.

24. On information and belief, WPW has proceeded with full knowledge of PIRC's POLITICS WATCH mark and with an intent to trade on the goodwill associated with the mark.

25. PIRC has been damaged by such conduct.

### FIRST CLAIM
### Federal Trademark Infringement

26. PIRC repeats and realleges the allegations of paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff PIRC's POLITICS WATCH mark is valid and enforceable, and was adopted and used in commerce in the United States by PIRC long before Defendant adopted and used the "World Politics Watch" mark. As a result of its long-term use,

PIRC's POLITICS WATCH mark is well-known and became well-known long before Defendant adopted its "World Politics Watch" mark.

28. Defendant WPW has used in commerce, on or in connection with goods or services, a word, term, name, symbol, and/or device or combination thereof, which is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of WPW with PIRC, or as to the origin, sponsorship, or approval of WPW's goods, services, and/or commercial activities.

29. WPW's activities have created a likelihood of consumer confusion with PIRC's POLITICS WATCH mark.

30. On information and belief, Defendant's actions have been willful and intentional.

31. WPW's actions have damaged and/or are likely to damage PIRC, and will continue unless enjoined by the Court.

32. Defendant WPW is liable to PIRC for federal trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## SECOND CLAIM

### Federal Unfair Competition

33. PIRC repeats and realleges the allegations of paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff PIRC's POLITICS WATCH mark is valid and enforceable, and was adopted and used in commerce in the United States by PIRC long before Defendant adopted and used the "World Politics Watch" mark. As a result of its long-term use, PIRC's POLITICS WATCH mark is well-known and became well-known long before Defendant adopted its "World Politics Watch" mark.

35. Defendant WPW has used false designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact on or in connection with its commercial activities related to the offering of goods and services under the infringing "World Politics Watch" mark.

36. Such conduct is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant WPW with PIRC as to the origin, sponsorship, or approval of WPW's goods, services, and commercial activities.

37. Such conduct expressed in commercial advertising and promotion misrepresents the characteristics and qualities of WPW's goods, services, and commercial activities.

38. WPW's actions have created a likelihood of consumer confusion.

39. On information and belief, Defendant's actions have been willful and intentional.

40. WPW's actions have damaged and/or are likely to damage PIRC, and will continue unless enjoined by the Court.

41. Defendant WPW is liable to PIRC for federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### THIRD CLAIM

**Unfair Competition In Violation of the Laws of the District of Columbia**

42. PIRC repeats and realleges the allegations of paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff PIRC's POLITICS WATCH mark is valid and enforceable, and the mark was adopted and used by PIRC in the District of Columbia and elsewhere long

before Defendant adopted and used the "World Politics Watch" mark. As a result of its long-term use, PIRC's POLITICS WATCH mark is well-known and became well-known long before Defendant adopted its "World Politics Watch" mark.

44. WPW has adopted a confusingly similar mark that is likely to confuse consumers as to the source of WPW's goods and services, and/or to mislead consumers as to any association or affiliation of WPW with PIRC, and thereby obtain an unfair benefit from trading on the goodwill PIRC has developed in its mark. WPW's actions constitute unfair competition in violation of the laws of the District of Columbia.

45. On information and belief, Defendant's actions have been willful and intentional.

46. WPW's actions have damaged and/or are likely to damage PIRC, and will continue unless enjoined by the Court.

47. Defendant WPW is liable to PIRC for unfair competition in violation of the laws of the District of Columbia.

### IV. <u>PRAYER FOR RELIEF</u>

WHEREFORE, PIRC prays that this Court enter judgment and declare, that:

A. Defendant be held liable under each claim for relief set forth in this Complaint;

B. The POLITICS WATCH mark is valid and enforceable;

C. Defendant has infringed PIRC's POLITICS WATCH mark;

D. Defendant, its agents, servants, employees, and all other persons in active concert or participation with them be preliminarily and permanently enjoined from further infringement of the POLITICS WATCH mark,

including being enjoined from using "World Politics Watch" (however spelled or punctuated, whether capitalized, abbreviated, singular or plural, printed or stylized, whether as one word, two words, or three, whether used alone or in combination with any word(s), punctuation or symbol(s), and whether used in caption, text, orally or otherwise), or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of PIRC's POLITICS WATCH mark, as a trademark or service mark, trade name or domain name, or in the advertising, distribution, sale, or offering for sale of Defendant's products and/or services;

E.  Defendant be required to deliver up and destroy all instances of the word, term, name, symbol, device, combination thereof, designation, description, or representation that is the subject of these violations, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, including the transfer of any domain names registered by or to Defendant that incorporate PIRC's POLITICS WATCH mark or any colorable variation thereof;

F.  Defendant be required to account and compensate PIRC for all profits wrongfully derived by Defendant through its unlawful acts, together with interest from the date of accrual thereof;

G.  Defendant be required to account and compensate PIRC for damages sustained by PIRC as a result of its unlawful acts set forth herein, together with interest from the date of accrual thereof;

H.    Defendant's infringement of PIRC's POLITICS WATCH mark has been and is willful;

I.    The damage award will be increased by up to three times the amount found or assessed pursuant to 15 U.S.C. § 1117(a);

J.    Defendant be required to pay PIRC exemplary damages in an amount to be determined by this Court for Defendant's unfair competition;

K.    Defendant's infringement of PIRC's mark is exceptional.

L.    Defendant be required to compensate PIRC for the costs of this action, including reasonable attorneys' fees and disbursements incurred herein, pursuant to 15 U.S.C. § 1117 and the equity powers of this court; and

M.  This Court award PIRC such other and further relief as this Court deems just and equitable.

## V.  JURY DEMAND

Plaintiff Public Interests Research and Communications, Inc. hereby demands trial by jury for all issues so triable.

Respectfully submitted,

Dated: November 20, 2006

DEWEY BALLANTINE LLP

By: _____
Anthony W. Shaw
D.C. Bar No. 362746

Cecil E. Key
D.C. Bar No. 454879

Attorneys for
Plaintiff PUBLIC INTERESTS
RESEARCH AND COMMUNICATIONS, INC.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Public Interests Research and Communications, Inc.

?????

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Anthony W. Shaw
Cecil E. Key
Dewey Ballantine L.L.P.
1775 Pennsylvania Ave., N.W.
Washington, D.C. 20006
(202) 862-1000

## DEFENDANTS
World Politics Watch, L.L.C.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: ...
LA...
AT...

CASE NUMBER 1:06CV01984

JUDGE: Royce C. Lamberth

DECK TYPE: General Civil

DATE STAMP: 11/20/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⦿ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ⦿ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(1)

| ○ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
15 U.S.C. S.1125 et. seq. - claim for trademark infringement and unfair competition under federal law and the law of the District of Columbia

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 75,000+   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE November 20, 2006   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.