## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC INTERESTS RESEARCH AND COMMUNICATIONS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:06CV01984 |
| | ) | Judge: Royce C. Lamberth |
| WORLD POLITICS WATCH, LLC | ) ) | |
| Defendant. | ) ) | |

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

COMES NOW the Defendant, World Politics Watch, LLC ("WPW"), hereby answers the Complaint of Public Interests Research and Communications, Inc. ("PIRC") in the above-captioned action and responds as follows to the allegations of the Complaint.

### I. THE PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 and on that basis denies each and every allegation therein.

2. Defendant denies that it is a corporation. Defendant admits that it is a limited liability company and admits the remaining allegations in Paragraph 2.

### II. JURISDICTION

3. Paragraph 3 states a legal conclusion to which no response is required; insofar as a response is required, Defendant lacks knowledge or information and sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies such allegations.

4.     Paragraph 4 states a legal conclusion to which no response is required; insofar as a response is required, Defendant lacks knowledge or information and sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies such allegations.

5.     Paragraph 5 states a legal conclusion to which no response is required; insofar as a response is required, Defendant lacks knowledge or information and sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies such allegations.

### III. BACKGROUND FACTS

**A. The POLITICS WATCH Service Mark**

6.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 and on that basis denies each and every allegation therein.

7.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 and on that basis denies each and every allegation therein.

8.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and on that basis denies each and every allegation therein.

9.     Defendant denies the allegations in Paragraph 9.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 and on that basis denies each and every allegation therein.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and on that basis denies each and every allegation therein.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and on that basis denies the allegations therein.

**B. Defendant WPW**

13. Defendant denies the allegation in Paragraph 13 as stated.

14. Defendant admits the allegations in Paragraph 14.

15. Defendant admits the allegations in Paragraph 15.

16. Defendant admits that the website of Hampton Stephens stated, on or about July 12, 2006, that the "World Politics Watch: A Foreign Policy and National Security Daily" website had been launched. Defendant denies the remaining allegations in Paragraph 16 as stated.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant admits that on or before September 1, 2006, the allegations in Paragraph 18 were true. Defendant admits that all allegations but the phrase "before September 1, 2006" are true after September 1, 2006. Defendant denies the remaining allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19 as stated.

20. Defendant denies the allegations in Paragraph 20.

21. As to the first sentence of Paragraph 21, Defendant admits that PIRC sent a letter to WPW dated September 29, 2006 requesting that WPW cease its use of the "World Politics Watch" mark. Defendant denies the remainder of the first sentence as stated. Defendant further denies the second sentence of Paragraph 21 as stated.

22. Defendant admits that in October 2006 it filed an application to register the "World Politics Watch" mark with the United States Patent and Trademark Office. Defendant denies the remainder of Paragraph 22 as stated.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25 and demands strict proof.

## FIRST CLAIM

### Federal Trademark Infringement

26. Defendant incorporates by reference each and every admission, denial, and allegation stated in Paragraphs 1 through 26 above in response to the allegations of Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

## SECOND CLAIM

### Federal Unfair Competition

33. Defendant incorporates by reference each and every admission, denial, and allegation stated in Paragraphs 1 through 32 above in response to the allegations of Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

### THIRD CLAIM

### Unfair Competition In Violation of the Laws of the District of Columbia

42. Defendant incorporates by reference each and every admission, denial, and allegation stated in Paragraphs 1 through 41 above in response to the allegations of Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies that Claimant is entitled to any of the relief requested in the "Prayer for Relief" and demands strict proof.

### AFFIRMATIVE DEFENSES

1. Plaintiff lacks valid U.S. trademark rights in its alleged service mark POLITICS WATCH ("Plaintiff's Mark").

2. Plaintiff's claims are barred, in whole or in part, by Defendant's use of its service mark WORLD POLITICS WATCH ("Defendant's Mark") prior to any valid U.S. trademark rights upon which Plaintiff can rely.

3. Plaintiff's Mark is generic.

4. Plaintiff's Mark is merely descriptive and lacks secondary meaning in the United States.

5. Plaintiff's claims are barred, in whole or in part, by Defendant's use of Defendant's Mark prior to the date when Plaintiff's Mark acquired secondary meaning in the United States, if at all.

6. Plaintiff's claims are barred, in whole or in part, because Defendant's Mark acquired secondary meaning prior to the date when Plaintiff's Mark acquired secondary meaning in the United States, if at all.

7. Plaintiff's Mark is weak and entitled to a limited scope of protection, if any.

8. There is no likelihood of confusion between Plaintiff's Mark and Defendant's Mark or domain name www.worldpoliticswatch.com as used with each party's respective services.

9. Plaintiff's and Defendant's services are in different channels of trade.

10. Plaintiff's and Defendant's services are targeted toward different audiences.

11. Plaintiff's and Defendant's services are not in competition with each other.

12. Defendant adopted its Mark WORLD POLITICS WATCH and its domain name www.worldpoliticswatch.com in good faith.

13. Plaintiff's Mark is not famous.

14. Plaintiff's claims are barred by the doctrine of waiver.

15. Plaintiff's claims are barred by the doctrine of unclean hands.

16. Plaintiff has suffered no injury nor is there a likelihood of injury.

17. Plaintiff has suffered no harm nor any irreparable harm.

18. Plaintiff has suffered no damages and/or has failed to mitigate its damages, if any.

19. Defendant's actions are not likely to cause injury to Plaintiff's business, reputation or dilution of the distinctive quality, if any, of Plaintiff's services.

20. No acts of Defendant were the cause in fact or the proximate cause of any loss suffered by Plaintiff, if any.

21. Claims for relief in Plaintiff's Complaint are uncertain.

22. In the event that Defendant is found to have infringed Plaintiff's rights, Defendant did so innocently and without intent or willfulness.

WHEREFORE, World Politics Watch, LLC requests that judgment be entered in their favor dismissing all causes of action set forth in the Complaint with prejudice; that World Politics Watch, LLC be awarded all costs, including reasonable attorney's fees, resulting from the action; and for such other and further relief as the Court deems just and proper.

## **COUNTERCLAIMS**

By way of counterclaim, CounterPlaintiff World Politics Watch, LLC hereby alleges as follows:

1. CounterPlaintiff World Politics Watch, LLC ("WPW") is a limited liability company duly organized and existing under the laws of the District of Columbia and has its principal place of business at 3611 Norton Place, N.W., Washington, DC 20016.

2. Upon information and belief, CounterDefendant, Public Interest Research and Communications, Inc. ("PIRC"), is a corporation organized and existing under the laws of Canada and has a place of business at 85 Albert Street, Suite 1502, Ottawa ON K1P 6A4, Canada.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over counterclaims for federal and common law service mark infringement, and false designation of origin under the Federal Trademark Act of 1946, 15 U.S.C. § 1051, et seq., as amended ("Lanham Act").

4.   This Court has original jurisdiction over the federal claims set forth in these Counterclaims under 15 U.S.C. § 1121, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.

5.   This Court has jurisdiction based on diversity of citizenship and amount under 15 U.S.C. § 1332.

6.   This Court has pendent jurisdiction over all Counterclaims arising under state and/or common law.

## BACKGROUND FACTS

**A. CounterPlaintiff's Service Mark**

7.   Without waiving any prior allegations or affirmative defenses, CounterPlaintiff pleads the allegations herein in the alternative to any inconsistent prior allegations and affirmative defenses, pursuant to FRCP 8(e)(2).

8.   CounterPlaintiff has used its service mark WORLD POLITICS WATCH ("CounterPlaintiff's Mark") to identify its online international news source continuously in U.S. commerce since June 2006.

9.   CounterPlaintiff's Mark has attained significant recognition and goodwill among U.S. viewers and has become well known in the United States.

10.   CounterPlaintiff filed an application to register CounterPlaintiff's Mark with the U.S. Patent & Trademark Office on October 23, 2006.

11. CounterPlaintiff's Mark is inherently distinctive as used to identify CounterPlaintiff's services. Alternatively, CounterPlaintiff's Mark acquired secondary meaning among the relevant public in the United States prior to the first date when CounterDefendant's Mark had any valid U.S. trademark rights, if at all.

### B. CounterDefendant's Service Mark

12. On or before October 11, 2006, CounterDefendant operated a Canadian political portal website using the service mark POLITICS WATCH ("CounterDefendant's Mark") and the domain name www.politicswatch.com.

13. On or before October 11, 2006, CounterDefendant's Canadian political portal website was targeted toward a Canadian audience.

14. On or before October 11, 2006, CounterDefendant's website was entitled "Politics Watch: Canada's Political Portal," which appeared on the top and bottom of every page, or nearly every page, of the website.

15. On or before October 11, 2006, the top of every page, and the bottom of many pages, of CounterDefendant's website contained a logo consisting of a prominent picture of the Canadian parliament building tower and the Canadian flag.

16. On or before October 11, 2006, the slogan "Canada's Political Portal" appeared frequently on every page of CounterDefendant's website.

17. Prior to and after October 11, 2006, CounterDefendant's website contained the following statements:

    a. "PoliticsWatch is leading the independent Canadian political space."

    b. "The Politics Watch Political Portal - Canada's Political Portal™ - offers comprehensive information on Canadian politics including a daily review of political and

national news, voter resources and information on political parties, leaders and other multimedia resources."

  c. "The site is the product of ongoing research on the impact of the Internet on the Canadian political process. It builds on innovative research from a recent graduate from the Master of Journalism program at Carleton University, Ottawa."

  d. "On June 12, 2001, PoliticsWatch.com was pleased to become an accredited member of the Canadian Parliamentary Press Gallery. We look forward to using our accreditation with the Press Gallery to offer expanded specialized news content and services for our growing base of Canadian news consumers."

  e. "Is your company or organization interested in becoming a PoliticsWatch partner? PoliticsWatch is always interested in expanding the services it offers to Canadian online users."

  f. "On June 12, 2001, PoliticsWatch.com was pleased to become an accredited member of the Canadian Parliamentary Press Gallery (trial membership). We look forward to using our accreditation with the Press Gallery to offer expanded specialized news content and services for our growing base of Canadian news consumers."

  g. "The PoliticsWatch.com news team will catalogue all the stories that we have produced for our readers. This archive will continue to grow as we provide the most complete and up-to-date coverage of Canadian political events."

  h. "The PoliticsWatch.com news team has begun to catalogue the features we have produced recently. You can expect this section to grow as we continue to provide the most complete and up-to-date coverage of Canadian political events."

18. On September 29, 2006, CounterDefendant sent to WPW a letter demanding that WPW cease its use of "World Politics Watch."

19. Upon information and belief, on or about October 11, 2006, CounterDefendant began amending its website to appear targeted less exclusively to a Canadian audience, by *inter alia*, removing from its website banner the slogan "Canada's Political Portal" and the picture of the Canadian parliament building tower and the Canadian flag.

20. Upon information and belief, CounterDefendant amended its website to appear targeted less exclusively to a Canadian audience in an attempt to reach a more global audience, including an American audience.

21. Upon information and belief, CounterDefendant amended its website to target a more global audience, including an American audience, only after it realized that it lacked U.S. trademark rights by which it could challenge WPW's prior U.S. trademark rights.

22. Upon information and belief, CounterDefendant acted with knowledge of and/or with reckless disregard for CounterPlaintiff's U.S. trademark rights in CounterPlaintiff's Mark with intent to trade on the name, reputation and goodwill of CounterPlaintiff's Mark in the United States.

## COUNT I

### Federal Trademark Infringement

23. Without waiving any prior allegations or affirmative defenses, CounterPlaintiff pleads the allegations in Count I in the alternative to any inconsistent prior allegations and affirmative defenses, pursuant to FRCP 8(e)(2).

24. CounterPlaintiff repeats, re-alleges and incorporates by reference Paragraphs 1 through 23 as though fully set forth herein.

25.     CounterPlaintiff's WORLD POLITICS WATCH Mark is valid and enforceable, and was adopted and used in U.S. commerce by CounterPlaintiff continuously since prior to any date on which CounterDefendant first used CounterDefendant's Mark in U.S. commerce and/or had any valid U.S. trademark rights, if at all.

26.     CounterPlaintiff's Mark has become uniquely associated with and hence identifies CounterPlaintiff and its services in the United States.

27.     Starting on or about October 11, 2006, CounterDefendant began using in U.S. commerce, on or in connection with goods or services, a word, term, name, symbol, and/or device or combination thereof, which is likely to cause confusion or mistake, or to deceive relevant consumers, as to the affiliation, connection, or association of PIRC with WPW, or as to the origin, sponsorship, or approval of the services provided by CounterPlaintiff in U.S. commerce.

28.     CounterDefendant's conduct has created a likelihood of confusion with CounterPlaintiff's Mark in U.S. commerce.

29.     The acts of CounterDefendant have been without the authorization or consent of CounterPlaintiff and have damaged, and/or are likely to damage CounterPlaintiff.

30.     CounterDefendant is liable to CounterPlaintiff for federal trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31.     Upon information and belief, the aforesaid acts were committed by CounterDefendant intentionally, willfully, maliciously, with the full knowledge of, and/or with reckless disregard for CounterPlaintiff's U.S. rights in CounterPlaintiff's Mark and with the intention of causing confusion, mistake or deception.

32.     The acts of CounterDefendant after October 11, 2006 have caused and/or are likely to cause irreparable damage and injury to CounterPlaintiff and are likely to continue to cause further irreparable damage and injury to CounterPlaintiff unless CounterDefendant is enjoined and restrained further from its present use of the mark POLITICS WATCH, the domain names www.politicswatch.com, .net, .org, .us, and .tv, and/or any other mark, term, name, words, or combination thereof that are confusingly similar to WORLD POLITICS WATCH to identify its business, goods and/or services in the United States.

## COUNT II

### Federal Unfair Competition

33.     Without waiving any prior allegations or affirmative defenses, CounterPlaintiff pleads the allegations in Count II in the alternative to any inconsistent prior allegations and affirmative defenses, pursuant to FRCP 8(e)(2).

34.     CounterPlaintiff repeats, re-alleges and incorporates by reference Paragraphs 1 through 33 as though fully set forth herein.

35.     CounterPlaintiff's WORLD POLITICS WATCH Mark is valid and enforceable, and was adopted and used in U.S. commerce by CounterPlaintiff continuously since prior to any date on which CounterDefendant first used CounterDefendant's Mark in U.S. commerce and/or had any valid U.S. trademark rights, if at all.

36.     CounterPlaintiff's Mark has become uniquely associated with and hence identifies CounterPlaintiff and its services in the United States.

37.     Starting on or about October 11, 2006, CounterDefendant began using false designations of origin, false or misleading descriptions of fact, and false or misleading representations of fact on or in connection with its commercial activities related to the offering of

goods and services under the mark POLITICS WATCH, and the domain names www.politicswatch.com, .net, .org, .us, and .tv.

38. CounterDefendant's conduct has created a likelihood of confusion with CounterPlaintiff's Mark in U.S. commerce.

39. The acts of CounterDefendant have been without the authorization or consent of CounterPlaintiff and have damaged, and/or are likely to damage CounterPlaintiff.

40. CounterDefendant is liable to CounterPlaintiff for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Upon information and belief, the aforesaid acts were committed by CounterDefendant intentionally, willfully, maliciously, with the full knowledge of, and/or with reckless disregard for CounterPlaintiff's U.S. rights in CounterPlaintiff's Mark and with the intention of causing confusion, mistake or deception.

42. The acts of CounterDefendant after October 11, 2006 have caused and/or are likely to cause irreparable damage and injury to CounterPlaintiff and are likely to continue to cause further irreparable damage and injury to CounterPlaintiff unless CounterDefendant is enjoined and restrained further from its present use of the mark POLITICS WATCH, the domain names www.politicswatch.com, .net, .org, .us, and .tv, and/or any other mark, term, name, words, or combination thereof that are confusingly similar to WORLD POLITICS WATCH to identify its business, goods and/or services in the United States.

## COUNT III

**Unfair Competition In Violation of the Laws of the District of Columbia**

43. Without waiving any prior allegations or affirmative defenses, CounterPlaintiff pleads the allegations in Count III in the alternative to any inconsistent prior allegations and affirmative defenses, pursuant to FRCP 8(e)(2).

44. CounterPlaintiff repeats, re-alleges and incorporates by reference Paragraphs 1 through 43 as though fully set forth herein.

45. CounterPlaintiff owned and used its WORLD POLITICS WATCH Mark as a valid service mark since prior to any date on which CounterDefendant first used CounterDefendant's Mark in U.S. commerce and/or had any valid U.S. trademark rights, if at all.

46. CounterPlaintiff's Mark has become uniquely associated with and hence identifies CounterPlaintiff and its services in the United States.

47. Starting on or about October 11, 2006, CounterDefendant's use of CounterDefendant's Mark and the domain names www.politicswatch.com, .net, .org, .us, and .tv, in connection with the sale, offering for sale, or advertising of its services is likely to cause confusion or mistake, or to deceive relevant consumers, as to the origin, sponsorship, association or approval of the services provided by CounterPlaintiff, and thereby result in an unfair benefit to CounterDefendant from trading on the goodwill CounterPlaintiff has developed in its Mark.

48. CounterDefendant's actions constitute unfair competition in violation of the laws of the District of Columbia.

49. The acts of CounterDefendant have been without the authorization or consent of CounterPlaintiff and have damaged, and/or are likely to damage CounterPlaintiff.

50. Upon information and belief, the aforesaid acts were committed by CounterDefendant intentionally, willfully, maliciously, with the full knowledge of, and/or with

reckless disregard for CounterPlaintiff's U.S. rights in CounterPlaintiff's Mark and with the intention of causing confusion, mistake or deception.

51.     The acts of CounterDefendant after October 11, 2006 have caused and/or are likely to cause irreparable damage and injury to CounterPlaintiff and are likely to continue to cause further irreparable damage and injury to CounterPlaintiff unless CounterDefendant is enjoined and restrained further from its present use of the mark POLITICS WATCH, the domain names www.politicswatch.com, .net, .org, .us, and .tv, and/or any other mark, term, name, words, or combination thereof that are confusingly similar to WORLD POLITICS WATCH to identify its business, goods and/or services in the United States.

## PRAYER

WHEREFORE, Defendant/CounterPlaintiff prays that this Court enter judgment and declare that:

A.      Plaintiff's Complaint be dismissed with prejudice and that judgment be entered for Defendant;

B.      Defendant/CounterPlaintiff's WORLD POLITICS WATCH mark is valid and enforceable in the United States;

C.      CounterDefendant has infringed CounterPlaintiff's WORLD POLITICS WATCH Mark.

D.      CounterDefendant and its officers, directors, agents, servants, employees, successors, assigns, licensees, and all others acting in concert with CounterDefendant be permanently enjoined from use of the mark POLITICS WATCH (however spelled or punctuated, whether capitalized, abbreviated, singular or plural, printed or stylized, whether as one word or two words, whether used alone or in combination with any word(s), punctuation or symbol(s), and whether used in caption, text, orally or otherwise), and the domain names

16

www.politicswatch.com, .net, .org, .us, and .tv, and any other designation confusingly similar to CounterPlaintiff's Mark, as a service mark, domain name, trade name component, or otherwise, to market, advertise, or identify CounterDefendant or its services and goods in a manner that targets U.S. consumers, pursuant to 15 U.S.C. §1116;

E. CounterDefendant and its officers, directors, agents, servants, employees, successors, assigns, and licensees, and all others acting in concert with CounterDefendant be permanently enjoined from infringing on CounterPlaintiff's Mark and from unfairly competing with CounterPlaintiff in any manner whatsoever;

F. CounterDefendant be required to file with this Court and serve on CounterPlaintiff within thirty (30) days after the service of an injunction, a detailed report in writing, under oath, setting forth the manner and the form in which CounterDefendant has complied with the injunction pursuant to 15 U.S.C. §1116;

G. CounterPlaintiff be awarded CounterDefendant' service mark infringement profits after an accounting pursuant to 15 U.S.C. §1117;

H. CounterDefendant's infringement of CounterPlaintiff's WORLD POLITICS WATCH mark has been and is willful and intentional;

I. CounterPlaintiff be awarded damages in excess of Seventy-Five Thousand Dollars ($75,000), which it has sustained as a result of CounterDefendant's acts, and that such damages be trebled as a result of CounterDefendant's willful infringement;

J. CounterPlaintiff be awarded exemplary damages in an amount to be determined by this Court for CounterDefendant's unfair competition;

K. CounterPlaintiff be awarded the costs of the action and attorneys' fees pursuant to 15 U.S.C. §1117 and any other relevant statute or laws and the equity powers of this Court;

17

L. CounterPlaintiff be granted such other and further relief as deemed just and appropriate.

Dated: February 20, 2007                    Respectfully Submitted,

                                            World Politics Watch, LLP
                                            By counsel

GAMMON & GRANGE, P.C.

_____/ s /_____
Timothy R. Obitts, Esq., DC Bar#478470
8280 Greensboro Drive, 7th Flr.
McLean, Virginia 22102
(703) 761-5000
(703) 761-5023 -facsimile-

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2007, a true and correct copy of the foregoing Answer, Affirmative Defenses and Counterclaims was served via first class mail, postage prepaid, and electronic mail on the following counsel of record for Plaintiff:

       Cecil E. Key, Esq.
       Dewey Ballantine LLP
       975 F Street, NW
       Washington, D.C. 20004-1405
       CKey@deweyballantine.com

                                       _____/ s /_____
                                       Timothy R. Obitts