IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC INTERESTS RESEARCH AND COMMUNICATIONS, INC.<br><br> Plaintiff<br><br>v.<br><br>WORLD POLITICS WATCH, LLC<br><br> Defendant | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:06CV01984<br>)<br>)<br>)<br>)<br>) |

## STATEMENT OF PARTIES PURSUANT TO LCvR 16.3(d)

Pursuant to LCvR 16.3(d), undersigned counsel for plaintiff Public Interests Research and Communications, Inc. ("PIRC") and defendant World Politics Watch, LLC ("WPW") met and conferred via a telephone conference and subsequent written exchanges as required by LCvR 16.3(a). Pursuant to LCvR 16.3(d), the parties hereby present the following report of the conference, and request the Court to enter the attached Proposed Scheduling Order in connection with this matter. For the Court's convenience, the following are the parties and their respective counsel:

| **Party** | **Counsel** |
|---|---|
| Plaintiff: | |
| PIRC | Anthony W. Shaw<br>Cecil E. Key |
| Defendants: | |
| WPW | Timothy R. Obitts |

**Plaintiff/CounterDefendant's Statement of the Case**

PIRC is a corporation organized under the laws of Canada. PIRC's POLITICS WATCH mark is closely associated with PIRC's POLITICS WATCH News Service as a result of PIRC's long-term and continuous use of the mark in connection with the provision of information services relating to issues of government and politics to the public via the Internet and other media. The POLITICS WATCH News Service - launched in September 2000 - is available through a website located at the domain name address www.politicswatch.com, which has been registered to PIRC since 1998, and other related addresses including politicswatch.us, politicswatch.net, politicswatch.org and politicswatch.tv (the "POLITICS WATCH website").

PIRC has used and continues to use certain variations of its POLITICS WATCH mark to reflect the international aspects of the services it offers. PIRC has, for example, used the term PoliticsWatch USA on the POLITICS WATCH website since at least 2001 in connection with portions of the POLITICS WATCH News Service that are devoted to reports concerning events in the U.S. For those portions, PIRC has also continuously utilized logos that incorporate iconic images associated with the U.S., such as pictures of the U.S. Capitol, the White House or the Old Executive Office Building.

The POLITICS WATCH News Service has, for several years, had significant ties to the United States: U.S. residents represent a substantial portion of the POLITICS WATCH News Service audience and the POLITICS WATCH website draws financial support from U.S. advertisers. The POLITICS WATCH News Service is directed toward those in the U.S. who are interested in PIRC's coverage of news events in the U.S., Canada and other parts of the world.

The POLITICS WATCH website is updated daily and its layout has been revised and adjusted from time to time. However, the overall look and feel of the website has remained constant for several years. For example, the PoliticsWatch USA logo with the U.S. Capitol

2

building that appears on the current version of the POLITICS WATCH News Service has appeared in substantially the same form in substantially the same place on the website since 2004. PIRC has not made any changes or adjustments to the POLITICS WATCH website based on or because of the influence of any competitor. Thus, the discovery of the WORLD POLITICS WATCH website has had no bearing or influence on any changes to the POLITICS WATCH website.

WPW, a U.S. entity which appears to be closely associated with or sponsored by EBSCO Industries Inc., a corporation with diverse holdings including significant information services operations, launched a news website under the mark WORLD POLITICS WATCH in June 2006. PIRC's POLITICS WATCH News Service was available in the U.S. and had readers in the U.S. at the time WPW adopted the WORLD POLITICS WATCH mark and launched the WORLD POLITICS WATCH website. Like the POLITICS WATCH News Service, WORLD POLITICS WATCH offers original news stories on government and politics, photos, audio files including "podcasts," and a metalink summary of each day's news. Likewise, both services provide readers in various countries with an avenue to request further information regarding topics of interest to those readers. WORLD POLITICS WATCH offers a registration process that invites readers from various countries, including both Canada and the U.S., to submit requests. Similarly, the POLITICS WATCH News Service has an information request form that allows readers in countries, including Canada and the U.S., to request further information. PIRC has previously received such information request forms from the U.S. As a result, WPW's WORLD POLITICS WATCH mark incorporates PIRC's POLITICS WATCH mark in its entirety, and is used in connection with identical services offered through identical trade channels to the same class of consumers as PIRC's POLITICS WATCH News Service.

On September 29, 2006, PIRC sent WPW a letter demanding WPW cease its use of the "World Politics Watch" device. However, WPW failed to respond to this letter until October 25, 2006. In the interim, WPW prepared and filed an application on or about October 23, 2006 with the United States Patent and Trademark Office ("PTO") to register "World Politics Watch" as a service mark.

### Defendant/Counterplaintiff's Statement of the Case

PIRC is a Canadian entity operating a Canadian political portal website that is using, or has used, the descriptive name POLITICS WATCH, the slogan "Canada's Political Portal," and a logo consisting of a picture of the Canadian parliament building tower and Canadian flag. At least until October 2006, PIRC's website consistently targeted a Canadian audience. WPW is a U.S. entity operating a news website under the trademark WORLD POLITICS WATCH. WPW adopted the WORLD POLITICS WATCH mark in June 2006 in good faith without knowledge of PIRC's website. After PIRC discovered WPW's website, PIRC changed its website in October 2006 to remove most of its indicia showing its targeting of a Canadian audience, in an attempt to broaden the scope of its audience beyond Canadians and is infringing upon WPW's use of the mark WORLD POLITICS WATCH in the U.S.

1. **Dispositive Motions**

There are no pending motions. The parties believe this action may be resolved by dispositive motion. Moreover, PIRC believes that certain critical issues, especially the issue of PIRC's service mark rights in the U.S., will be ready for summary adjudication shortly after the exchange of initial disclosures, and PIRC intends to seek summary judgment at that point or as soon thereafter as feasible.

2. **Amendments to Pleadings and Stipulations on Facts & Issues**

The parties agree that amendments to any pleadings shall be due no later than three (3)

months after the entry of the Scheduling Order.

The parties agree that through discovery they should be able to stipulate on Facts & Issues.

**3.    Assignment to Magistrate Judge**

The parties object to this case being assigned to a Magistrate Judge for all purposes.

**4.    Possibility of Settlement**

The parties agree that a possibility for settlement exist.

**5.    Mediation**

WPW believes that early Mediation in this matter is appropriate. PIRC is not opposed to Mediation, but believes that it would be premature at this time.

**6.    Dispositive Motion Scheduling**

The parties request that the following schedule be applicable to dispositive motions. Dispositive motions may be filed by either party at any time after entry of the Scheduling Order, and all dispositive motions are to be filed by no later than one (1) month after the close of all discovery (including fact and expert discovery). Oppositions to dispositive motions are to be filed within twenty (20) days of the filing of the motion, and replies are to be filed within ten (10) days of the filing of the opposition.

**7.    Initial Disclosures**

The parties agree that the Initial Disclosures pursuant to F.R.Civ. P. Rule 26(a)(1) shall occur not later than ten (10) days from the date of the Scheduling Conference.

**8.    Discovery Schedule**

The parties request seven (7) months to complete all discovery, with fact discovery to be completed within four (4) months after entry of the Scheduling Order and expert discovery to be completed thereafter as set forth below. The parties request that interrogatories be limited to 25

per side, pursuant to Fed. R. Civ. P. 33(a). The parties request that depositions be limited to seven (7) depositions per party of fact witnesses without further Order of the Court or agreement of the parties. The parties acknowledge the duty to preserve potentially discoverable materials and reserve the right to discuss electronic discovery as the case progresses. The parties will present a proposed protective order to the Court to govern the exchange and production of confidential and/or proprietary information.

9. **Expert Witness Discovery**

The parties request that expert discovery be conducted according to the following schedule. Experts shall be identified and expert reports for the party bearing the burden of proof shall be exchanged by no later than one (1) month after the close of fact discovery; rebuttal reports shall be exchanged by no later than one (1) month thereafter; and expert depositions shall occur within one (1) month after the exchange of rebuttal reports.

10. **Class Actions**

Not applicable.

11. **Bifurcation**

Not applicable.

12. **Pretrial Conference**

The parties request that the Pretrial Conference in this matter be held within three (3) months after the close of all discovery.

13. **Trial Date Scheduling**

The parties agree that this Court should set the Trial date at the time of the Pretrial Conference.

WHEREFORE, the parties respectfully request that this Court enter the Proposed Scheduling Order submitted herewith.


Date: April 9, 2007                                 Respectfully Submitted,


/s/ Cecil E. Key
Anthony W. Shaw, D.C. Bar No. 362746
Cecil E. Key, D.C. Bar No. 454879
Dewey Ballantine LLP
975 F. Street, NW
Washington, DC 20004-1405
(202) 862-1000
Email: ckey@deweyballantine.com
Counsel for Plaintiff Public Interests Research
and Communications, Inc.


/s/ Timothy R. Obitts
Timothy R. Obitts, DC Bar No. 478470
Gammon & Grange, P.C.
8280 Greensboro Drive, 7th Flr.
McLean, Virginia 22102
(703) 761-5000
Counsel for Defendant World Politics Watch, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing **Statement of Parties Pursuant to LCvR 16.3(d)** and **Proposed Scheduling Order** were served on this 9th day of April, 2007, to counsel of record in the manner described below:

VIA EMAIL

Timothy R. Obitts, Esq.
GAMMON & GRANGE, P.C.
8280 Greensboro Drive, 7th Floor
McLean, Virginia 22102
Telephone: (703) 761-5000
Facsimile: (703) 761-5023
Email: tro@gg-law.com

_/s/ Sarah J. Gans_
Sarah J. Gans

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC INTERESTS RESEARCH AND COMMUNICATIONS, INC. )<br>)<br>    Plaintiff )<br>v. )<br>)<br>WORLD POLITICS WATCH, LLC )<br>)<br>    Defendant ) | Civil Action No. 1:06CV01984 |

## SCHEDULING ORDER

UPON CONSIDERATION of the Statement of Parties Pursuant to LCvR 16.3(d), and the Initial Scheduling Conference before this Court on _____, it is hereby this _____ day of April, 2007.

ORDERED, that this case shall be governed by the following deadlines as calculated from the date of the Initial Scheduling Conference, or the entry of the Scheduling Order if no Scheduling Conference is held:

| | |
|---|---|
| Initial Disclosures | 10 days |
| Fact Discovery Deadline | 4 months |
| Discovery Period Deadline | 7 months |
| F.R.Civ.P. 26(a)(2) Proponent's Statements | 1 month after close of fact discovery |
| F.R.Civ.P. 26(a)(2) Opponent's Statements | 1 month after filing of Proponents' Statements |
| Expert Depositions | 1 month after exchange of rebuttal reports |
| Dispositive Motions Filing & Decision Deadlines | 1 month after close of all discovery |

1

| | |
|---|---|
| Oppositions to Dispositive Motions | 20 days after filing of Motion |
| Replies to Dispositive Motions | 10 days after filing of Opposition |
| Amendments to Pleadings | 3 months |
| Pretrial Conference Date | 3 months after close of all discovery |

_____
ROYCE C. LAMBERTH
United States District Judge for the
District of Columbia